**KAZEROUNI LAW GROUP, APC**
Mohammad Kazerouni, Esq. (252835)
mike@kazlg.com
Matthew M. Loker, Esq. (279939)
ml@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

**HYDE & SWIGART**
Robert Hyde, Esq. (227183)
bob@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

*Attorneys for Plaintiff,*
Maksim Merzel

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAKSIM MERZEL,<br><br>  Plaintiff,<br><br>  v.<br><br>BMW FINANCIAL SERVICES NA, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX INFORMATION SERVICES LLC; AND, TRANS UNION LLC,<br><br>  Defendants. | Case No.:<br><br>I.  THE FAIR CREDIT REPORTING ACT, 15 U.S.C. §§ 1681, ET SEQ.;<br><br>II. THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE § 1788, ET SEQ.; AND,<br><br>III. CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT, CAL. CIV. CODE § 1785.1, ET SEQ.<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR DAMAGES**

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq, to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. In addition, the United States Congress has also found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. As such, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

///
///
///

3. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

4. MAKSIM MERZEL ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of BMW FINANCIAL SERVICES NA, LLC ("BMW"); EQUIFAX INFORMATION SERVICES, LLC ("Equifax"); EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") and, TRANS UNION LLC ("Trans Union") with regard to attempts by Defendants, debt collectors, to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

8. Any violations by Defendants were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

**COMPLAINT FOR DAMAGES**      PAGE 2 OF 15

9. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681p; and, 28 U.S.C. § 1367 for supplemental state claims.

11. This action arises out of Defendants' violations of (i) the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 et seq. ("FCRA"); (ii) California's Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788.17 ("RFDCPA"); (iii) and, California's Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, et seq. ("CCCRAA").

12. Because Defendants conduct business within the State of California, and the jurisdiction of this court, personal jurisdiction is established.

13. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in the County of Los Angeles, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES

14. Plaintiff is a natural person who resides in the County of Los Angeles, State of California, from whom various debt collectors sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff.

15. Plaintiff is also a "consumer" as that term is defined by Cal. Civ. Code § 1785.3(c); and, 15 U.S.C. § 1681a(c).

16. Defendant BMW is a company operating from the State of New Jersey.

17. Defendant Equifax is a limited liability company incorporated in the State of Georgia.

18. Defendant Experian is a corporation incorporated in the State of Ohio.
19. Defendant Trans Union is a limited liability company incorporated in the State of Delaware.
20. BMW is a furnisher of information as contemplated by FCRA sections 1681s-2(a) & (b), in that it regularly and in the ordinary course of business furnish's information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.
21. BMW, in the ordinary course of business, regularly, on behalf of themselves or others, engage in "debt collection" as that term is defined by California Civil Code § 1788.2(b), and are therefore "debt collectors" as that term is defined by California Civil Code § 1788.2(c).
22. Defendants Equifax; Experian; and, Trans Union are each a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f).
23. This action arises out of a "debt" as that term is defined by Cal. Civ. Code § 1788.2(d) that was incurred as a result of a "consumer credit transaction" as defined by Cal. Civ. Code § 1788.2(e).
24. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

///
///
///
///

## FACTUAL ALLEGATIONS

25. At all times relevant Plaintiff was an individual residing within the State of California.

26. Sometime prior to September 29, 2016, Plaintiff incurred financial obligations to the original creditor, BMW, to finance Plaintiff's personal vehicle.

27. Said account was assigned account number ending in 0919.

28. At some point thereafter, Plaintiff fell into arrears in Plaintiff's financial obligations to BMW.

29. Consequently, BMW engaged in collection activity against Plaintiff via written and telephonic communications.

30. During the course of said communications, Plaintiff agreed to pay, and BMW agreed to accept, $1,977.34 to settle Plaintiff's account with BMW.

31. This payment by Plaintiff was agreed by both parties to be "settlement in full" for the debt owed by Plaintiff, and consequently no further payments were due thereafter.

32. BMW memorialized this new, superseding contract between Plaintiff and BMW via written communication dated September 29, 2016.

33. In pertinent part, this Settlement Agreement stated the following:

> Dear Mr. Maksim Merzel:
>
> This letter confirms our agreement to accept 1977.34 as a settlement in full on your referenced account. This payment must be received by BMW Financial Services on or before October 27th 2016. Failure to comply with the above arrangements makes this settlement agreement null and void.
>
> Please forward your check or money order to the payment address listed below and include your account number on your payment. Upon receipt, we will note your account as settled in full.
>
> Your payment must be sent to the following address:
>
> > BMW Financial Services
> > PO Box 78103
> > Phoenix, AZ 85062-8103

34. The purpose of this Settlement Agreement drafted by BMW was to induce Plaintiff to pay this lump sum based upon the promise that Plaintiff's account would be compromised as "settled in full."

35. BMW's September 29, 2016 Settlement Agreement modified and/or superseded any previous contract between BMW and Plaintiff.

36. Since Plaintiff timely made the payment in the manner required by BMW, BMW was thereafter obligated to report Plaintiff's debt as settled in full.

37. Despite Plaintiff's compliance with the September 29, 2016 Settlement Agreement, Plaintiff subsequently discovered that BMW was inaccurately reporting the debt as delinquent on Plaintiff's credit report in or about October 2016.

38. Similarly, BMW also falsely reported that Plaintiff's vehicle was involuntarily repossessed and continued to have a balance owing despite BMW's promise to report Plaintiff's account was settled in full.

39. In response to said collection activity by BMW, Plaintiff disputed the inaccurate reporting to the nation three largest "Credit Bureaus," Experian, Equifax, and Transunion, on multiple occasions beginning in October 2016.

40. Specifically, Plaintiff disputed the BMW tradeline[2] discussed herein pursuant to 15 U.S.C. § 1681i(a)(2) by written communication sent to the Credit Bureaus via certified mail.

41. Enclosed with multiple dispute letters sent to the Credit Bureaus, to assist the Credit Bureaus in conducting their requisite reinvestigations, were copies of the September 29, 2016 Settlement Agreement that explicitly stated BMW would report Plaintiff's account was settled in full.

42. The Credit Bureaus timely notified BMW of Plaintiff's dispute.

---

[2] A credit report tradeline is simply an industry term to describe a credit account. If you have credit accounts, you therefore have tradelines on your report, and they may come in the form of line of credits, car loans, mortgages, credit cards, payday advances, etc.

COMPLAINT FOR DAMAGES     PAGE 6 OF 15

43. The Credit Bureaus were required to conduct a reasonable reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

44. BMW was also required to conduct a reasonable reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.SC. § 1681s-2(b)(1)(A).

45. In November of 2016, Plaintiff received notification from the Credit Bureaus that BMW and the Credit Bureaus received notice of Plaintiff's dispute pursuant to 15 U.S.C. § 1681i(a)(6) and was providing the results of the reinvestigation.

46. Despite receipt of this information, BMW continued collection activity with regard to settled account by continuing to report an outstanding obligation to the Credit Bureaus.

47. The Credit Bureaus did not provide notice to Plaintiff that Plaintiff's dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3), yet still allowed the inaccurate and misleading BMW account information to report on Plaintiff's credit reports.

48. The Credit Bureaus have allowed the BMW account to continue reporting as of the date of the filing of this complaint.

49. Accordingly, the Credit Bureaus failed to follow reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff and violated 15 U.S.C. § 1681e(b).

50. Further, the Credit Bureaus should have discovered from their records, including Plaintiff's formal dispute, that the account being reported by BMW was inaccurate and materially misleading because it suggested that Plaintiff's Account with BMW was delinquent and that Plaintiff's car was repossessed, even though the BMW Account should have been reported as settled in full.

51. Accordingly, the Credit Bureaus failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.S.C. §1681i.

52. Moreover, BMW failed to provide notice of dispute to the Credit Bureaus as required by 15 U.S.C. §1681s-2(a)(3).

53. Similarly, BMW's investigation was unreasonable. More specifically, BMW should have discovered from its records, including Plaintiff's formal dispute, that the information BMW was reporting was inaccurate and materially misleading because it suggested that the BMW Account was delinquent and that Plaintiff's car was repossessed, even though the BMW Account should have been reported as settled in full.

54. Accordingly, BMW failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A) by:
    a. Failing to remove all of the disputed and incorrect information, and
    b. Failing to notate, as required, Plaintiff's dispute.

55. BMW failed to review all relevant information provided by Plaintiff in the dispute to the Credit Bureaus, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

56. Due to BMW's failure to reasonably investigate, BMW further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

57. By inaccurately reporting account information after notice and confirmation of its errors, BMW failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D); and, (E).

58. Through this conduct, BMW has violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that BMW knew or should known was inaccurate.

59. Plaintiff's continued efforts to correct BMW's and the Credit Bureaus' erroneous and negative reporting of the BMW account by communicating Plaintiff's dispute with the Credit Bureaus were fruitless.

60. BMW's and the Credit Bureaus' continued inaccurate and negative reporting of the BMW account in light of their knowledge of the actual error were willful.

61. BMW's and the Credit Bureau's failure to correct the previously disclosed inaccuracies on Plaintiff's credit reports was intentional and in reckless disregard of its duty to refrain from reporting inaccurate information. Accordingly, BMW and the Credit Bureaus willfully and negligently failed to comply with its respective duties to reasonably investigate Plaintiff's dispute.

62. BMW's and the Credit Bureaus' inaccurate and negative reporting damaged Plaintiff's creditworthiness.

63. Subsequently, Plaintiff attempted to obtain goods and/or services only available to consumers with satisfactory credit reports. However, said goods and/or services, including but not limited to a Platinum Visa card, were denied to Plaintiff due in part to the BMW tradeline on Plaintiff's credit reports.

64. Said tradeline has affected Plaintiff negatively due to the reporting of multiple delinquencies and has negatively impacted Plaintiff's debt to income ratio which has lowered Plaintiff's credit score. Moreover, BMW's continued reporting of a repossession has also severely impacted Plaintiff's credit score.

65. Through this conduct, BMW violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, BMW violated Cal. Civ. Code § 1788.17.

66. Through this conduct, BMW violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, and legal status of Plaintiff's debt in connection with the collection of Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, BMW violated Cal. Civ. Code § 1788.17.

67. Through this conduct, BMW violated 15 U.S.C. § 1692e(8) by communicating credit information which is known or should be known to be false in connection with the collection of Plaintiff's alleged debt, including BMW's failure to report that Plaintiff's debt is disputed. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, BMW violated Cal. Civ. Code § 1788.17.

68. Through this conduct, BMW violated 15 U.S.C. § 1692e(10) by using false representations and deceptive means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, BMW violated Cal. Civ. Code § 1788.17.

69. Through this conduct, BMW violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect Plaintiff's alleged debt. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, BMW violated Cal. Civ. Code § 1788.17.

70. Through this conduct, BMW violated 15 U.S.C. § 1692f(1) by collecting an amount not expressly authorized by the agreement creating the debt or permitted by law. This section is incorporated into the RFDCPA through Cal. Civ. Code § 1788.17; thus, BMW violated Cal. Civ. Code § 1788.17.

71. The repeated and continuous violations described herein have caused Plaintiff unnecessary stress and anxiety. Despite this knowledge, BMW continued to pursue Plaintiff for an invalid debt causing Plaintiff to suffer.

72. As a direct and proximate result of Defendants' willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to, reviewing credit reports, preparing and mailing dispute letters, attorneys' fees, loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory information, without success.

73. Since these efforts were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I

### VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT
### Cal. Civ. Code §§ 1788-1788.32 (RFDCPA)
### [AGAINST BMW ONLY]

74. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

75. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

76. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each Defendant except the Credit Bureaus.

## COUNT II
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. §§ 1681-1681x (FCRA)
### [AGAINST ALL DEFENDANTS]

77. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

78. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

79. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from Defendants.

80. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allowed for all other class members, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant.

## COUNT III
### VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
### CAL. CIV. CODE § 1785.1, ET SEQ.
### [AGAINST ALL DEFENDANTS]

81. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

82. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

83. In the regular course of its business operations, Defendants routinely furnish information to credit reporting agencies pertaining to transactions between Defendants and Defendants' consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

84. Because Defendants are each a partnership, corporation, association, or other entity, and are therefore each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Defendants are and always were obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal. Civ. Code § 1785.25(a). Since Defendants received all documents required to determine the fraudulent nature of Plaintiff's alleged debts, Defendants should have known that the accounts at issue did not belong to Plaintiff.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each Defendants for:

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against Defendants for each incident of willful noncompliance of the FCRA;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1788.30(a), against each named Defendant individually;
- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against Defendants for each incident of willful noncompliance to the FCRA;
- An award of statutory damages of $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b), against each named Defendant individually;

- An award for costs and reasonable attorney's fess, pursuant to 15 U.S.C. § 1681n(a)(3), against Defendants for each incident of negligent noncompliance of the FCRA;
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c), against each named Defendant individually;
- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against Defendants for each incident of negligent noncompliance of the FCRA;
- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against Defendants for each incident of noncompliance of the FCRA;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against each named Defendant individually;
- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against each named Defendant individually;
- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b); and,
- Any and all other relief the Court deems just and proper.

## TRIAL BY JURY

85. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: November 29, 2016                  Respectfully submitted,

                                           **KAZEROUNI LAW GROUP, APC**

                                        By: ___/s/ Matthew M. Loker___
                                                      MATTHEW M. LOKER, ESQ.
                                                       ATTORNEY FOR PLAINTIFF